USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 5 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Noor Hussain,

        Plaintiff,

—v—

Commissioner of Social Security,

        Defendant.

13-cv-3691 (AJN) (GWG)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Noor Hussain brings this action seeking judicial review of the final determination of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income ("SSI") benefits on behalf of his minor son, S.R.R. On January 23, 2014, Plaintiff moved to remand on the basis of five separate errors of law allegedly committed by the ALJ, and additionally sought a finding that the ALJ had constructively reopened a previously denied April 26, 2010, application for SSI benefits ("April 2010 Application"). *See* Dkt. No. 18. On April 18, 2014, the Commissioner filed a cross-motion for remand, consenting to remand on some of the grounds identified by Plaintiff, *see* Dkt. No. 24, at 21-22, but opposing Plaintiff's request that the ALJ be deemed to have constructively reopened the April 2010 application, *see id.* at 25.

    On August 27, 2014, the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, issued a report and recommendation ("R & R") recommending that the Court remand the case for further administrative proceedings on the basis of the following errors of law: "(1) the ALJ misapplied the treating physician rule when he rejected Dr. Bases's opinion; (2) the ALJ failed to adequately explain his finding that S.R.R. did not meet the listings for autistic disorder and pervasive developmental disorder; [and] (3) the ALJ failed to give adequate reasons for rejecting [Plaintiff's] testimony as to his son's disruptive behavior at home." Dkt. No. 28, at 10. However, Magistrate Judge Gorenstein recommended that the Court reject Plaintiff's other objections to the ALJ decision, finding (1) substantial evidence supported the ALJ's conclusion

that "S.R.R. does not suffer from autism to a degree" that would justify its inclusion as a "severe impairment at step two" of the SSI analysis, *id.* at 11-14; and (2) the ALJ adequately considered "the effects of S.R.R.'s structured educational setting on his functional limitations," *id.* at 14-17. Finally, Magistrate Judge Gorenstein recommended that the Court deny Plaintiff's request for a finding that the April 2010 Application was constructively reopened. Dkt. No. 28, at 17-25.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[A]ny party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations," *id.*, within fourteen days of being served with them, Fed. R. Civ. P. 72(b)(2), and a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C). "By contrast, portions of the magistrate judge's recommendations to which neither party files a timely objections may be accepted unless they are clearly erroneous." *Watson v. Geithner*, No. 11-cv-9257 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013).

Because neither party filed timely objections in this case, the Court reviews the R & R for clear error. Upon review, the Court finds no clear error on the face of the record. Accordingly, the Court adopts the R & R in its entirety. The parties' motions to remand are granted in accordance with the limitations set forth in the R & R, and Plaintiff's request for a finding that the April 10 Application was constructively reopened is denied. The matter is remanded to the Commissioner for further administrative proceedings consistent with this Order. The Clerk of Court is directed to enter Judgment.

SO ORDERED.

This resolves Dkt. Nos. 17, 23.

Dated: September 25, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge